Michael T. Hayes
# 20633 ISCC G-4-9
P.O. Box 70010
Boise IDAHO 83707

U.S. COURTS

JAN 17 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

MICHAEL T. HAYES,

Plaintiff,

v.

IDAHO DEPARTMENT OF
CORRECTION; ALBERTO
RAMIREZ; TERRI JO KIRTLEY;
TIMOTHY REED McKAY; BRETT
PHILLIPS; BRET R. KIMMEL;
ARVEL DEWAYNE SHEDD;
DERRIK GOVERNOR; FELIX DIAZ;
TRAVIS COWAN; DAVID RANCK;
MARC ANTHONY AIELLO; and
KLINTON R. HUSK. JEFF ZMUDA

Defendants.

Case No. 1:17-cv-00275-BLW

AMENDED CIVIL RIGHTS
COMPIAINT AND DEMAND
FOR JURY TRIAL

COMES NOW, PLAINTIFF MICHAEL T. HAYES PRO-SE
AND FOR HIS AMENDED CIVIL RIGHTS COMPIAINT
STATES THE FOLLOWING:

### I
### PRELIMINARY STATEMENT

AMENDED CIVIL RIGHTS COMPIAINT —1—

THIS MATTER BRINGS BEFORE THE COURT A CIVIL RIGHTS ACTION FOR COMPENSATORY AND PUNITIVE DAMAGES, AS WELL AS A REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF. PLAINTIFF CONTENDS THAT WHILE IN THE CUSTODY OF THE IDAHO DEPARTMENT OF CORRECTIONS AND UNDER THE PHYSICAL CARE AND CONTROL OF THE IDAHO MAXIMUM SECURITY INSTITUTION, (IMSI), THE DEFENDANTS, IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES CAUSED VIOLATIONS OF THE PLAINTIFF'S RIGHTS TO ACCESS THE COURTS AND RIGHTS TO DUE PROCESS AND THE DELIBERATE INDIFFERENCE TO THE PLAINTIFFS FIRST AMENDMENT CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES CONSTITUTION.

## II
### JURISDICTION AND VENUE

AMENDED
CIVIL RIGHTS COMPLAINT —2—

JURISDICTION IN THESE MATTERS IS PREDICATED UPON 28 U.S.C.A. § 1331, 1343(3) AND (4). THOSE MATTERS IN CONTROVERSY HEREIN AND AFTER ARISE UNDER 42 USC 1983.

VENUE IS PROPER IN THIS PROCEEDING SINCE ALL OF THE MATERIAL FACTS COMPLAINED OF HERE AFTER OCCURED WITHIN THE COUNTY OF ADA, STATE OF IDAHO; AND; ACCORDINGLY, THESE ALLEGATIONS ARE WITHIN THE PURVIEW OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO.

## III
## THE PARTIES

### THE PLAINTIFF:

1.    MICHAEL T. HAYES, THE PLAINTIFF, IS A CITIZEN OF THE UNITED STATES, A LEGAL RESIDENT OF THE STATE OF IDAHO, AND, AT ALL TIMES RELEVANT TO AMENDED

CIVIL RIGHTS COMPLAINT —3—

THE EVENTS COMPLAINED OF HEREIN WAS HOUSED WITHIN THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI), UNDER THE DIRECT CARE, CUSTODY, AND CONTROL OF WARDEN ALBERTO RAMIREZ, BY VIRTUE OF A UNLAWFUL JUDGMENT OF CONVICTION AND SENTENCE UNDER THE LAWS OF THE STATE OF IDAHO.

<u>THE DEFENDANTS:</u>

2.    EACH OF THE FOLLOWING DEFENDANTS ARE CITIZENS OF THE UNITED STATES AND WERE AT THOSE TIMES COMPLAINED OF HERE WITHIN LEGAL RESIDENTS OF THE STATE OF IDAHO; AND, EACH OF THESE DEFENDANTS POSSESSED DIRECT KNOWLEDGE OF AND INVOLVEMENT IN THE COMPLAINTS AND ALLEGATIONS SET DOWN HEREIN. ALThough THE CURRENT ADDRESSES OF AT LEAST SOME OF THESE INDIVIDUALS ARE PRESENTLY UNKNOW TO THE PLAINTIFF; THE AMENDED

CIVIL RIGHTS COMPLAINT —4—

PLAINTIFF IS OF THE REASONABLE BELIEF THAT EACH OF THESE DEFENDANTS MAY BE REACHED FOR SERVICE OF PROCESS THROUGH THEIR ATTORNEY OF RECORD; MARK A. KUBINSKI DEPUTY ATTORNEY GENERAL OFFICE OF THE ATTORNEY GENERAL 954 W. JEFFERSON STREET, 2ND FLOOR P.O. BOX 83720 BOISE IDAHO 83720-0010.

MOREOVER, EACH OF THESE DEFENDANTS, AT THOSE TIMES RELEVANT TO THE ALLEGATIONS, WAS EMPLOYED AS A LAWFUL AGENT OR CONTRACTOR FOR THE STATE OF IDAHO, AND, THEREFORE LEGALLY AND LAWFULLY CONSIDERED ACTORS UNDER THE COLOR OF STATE LAW.

3.    DEFENDANT; ALBERT RAMIREZ WAS, AT ALL TIMES RELEVANT HERETO, EMPLOYED BY THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) AS AMENDED

CIVIL RIGHTS COMPLAINT — 5 —

THE WARDEN OF THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) within which THE PLAINTIFF WAS housED; AND, who, WAS AT THOSE TIMES COMPLAINED of hereIN FUNCTIONING IN THAT SAME CAPACITY. THIS DEFENDANT POSSESSES DIRECT KNOWLEDGE OF AND INVOLVEMENT IN THESE EVENTS: UPON REASONABLE INFORMATION AND BELIEF, DEFENDANT RAMIREZ WAS AT THE TIME OF THESE EVENTS ENDOWED WITH THE ACCOUNTABILITY AND RESPONSIBILITY REGARDING THOSE OTHER DEFENDANTS who hAD EVEN MORE DIRECT RESPONSIBILITY FOR THE PHYSICAL CARE AND CONTROL OF PLAINTIFFS LEGAL FILES, Exhibits AND CASE EVIDENCE AND FURTHER, THIS DEFENDANT FINALIZED THE DENIAL OF 27 GRIEVANCES/APPEALS.

DEFENDANT; RAMIREZ IS BEING SUED IN BOTH his PERSONAL AND OFFICIAL CAPACITIES.

AMENDED
  CIVIL RIGHTS COMPLAINT — 6 —

4.     DEFENDANT; TERRI JO KIRTLEY IS AN EMPLOYEE OF THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) who AT ALL TIMES PERTINENT TO THESE PROCEEDINGS WAS THE ASSISTANT WARDEN AT THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) where THE PLAINTIFF EXPERIENCED THE EVENTS COMPLAINED OF IN THIS FILING. DEFENDANT KIRTLEY WAS PERSONALLY INVOLVED IN THE CONDUCT COMPLAINED OF HEREIN, AND, THE PLAINTIFF IS OF THE REASONABLE BELIEF THAT KIRTLEY WAS CHARGED THROUGHOUT THE TIME OF THESE SAME EVENTS WITH THE RESPONSIBILITY TO SEE THAT ALL THE INMATES within THAT SECTION OF (IMSI) where THE PLAINTIFF WAS housed, DURING those TIMES RELEVANT, WAS PROVIDED with REASONABLE ACCESS TO THEIR LEGAL FILES, Exhibits AND CASE EVIDENCE AS AN INTREGAL PART OF HER

AMENDED
CIVIL RIGHTS COMPLAINT —7—

EMPLOYMENT.

DEFENDANT KIRTLEY IS BEING SUED IN HER PERSONAL AND OFFICIAL CAPACITIES.

5.    DEFENDANT; TIMOTHY REED McKAY #7520 IS AN EMPLOYEE OF THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) who AT All TIMES PERTINENT TO THESE PROCEEDINGS WAS THE ASSISTANT WARDEN AT THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) wHERE THE PLAINTIFF EXPERIENCED THE EVENTS COMPLAINED OF IN THIS FILING. DEFENDANT McKAY WAS PERSONALLY INVOLVED IN THE CONDUCT COMPLAINED OF HEREIN, AND, THE PLAINTIFF IS OF THE REASONABLE BELIEF THAT McKAY WAS CHARGED THROUGHOUT THE TIME OF THESE SAME EVENTS WITH THE RESPONSIBILITY TO SEE THAT All THE INMATES WITHIN THAT SECTION OF (IMSI)

AMENDED
CIVIL RIGHTS COMPLAINT —8—

WHERE THE PLAINTIFF WAS HOUSED, DURING THOSE TIMES RELEVANT, WAS PROVIDED WITH REASONABLE ACCESS TO THEIR LEGAL FILES, EXHIBITS AND CASE EVIDENCE AS AN INTREGAL PART OF HIS EMPLOYMENT.

DEFENDANT McKAY IS BEING SUED IN HIS PERSONAL AND OFFICIAL CAPACITIES.

6.    DEFENDANT; BRETT PHILLIPS WAS THROUGHOUT THOSE TIMES COMPLAINED OF HEREIN AN EMPLOYEE OF THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) WHO AT ALL TIMES PERTINENT TO THESE PROCEEDINGS WAS THE WARDENS ASSISTANT AND WAS LATTER ASSIGNED AS THE ACCESS TO COURTS COORDINATOR AT THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) WHERE THE PLAINTIFF EXPERIENCED THE EVENTS COMPLAINED OF IN THIS FILING. DEFENDANT PHILLIPS WAS PERSONALLY INVOLVED IN

AMENDED
CIVIL RIGHTS COMPLAINT —9—

THE CONDUCT COMPLAINED OF HEREIN, AND, THE
PLAINTIFF IS OF THE REASONABLE BELIEF THAT Phillips
WAS PERSONALLY RESPONSIBLE FOR THE ILLEGAL
withholding OF PLAINTIFFS LEGAL FILES, EXHIBITS,
CASE EVIDENCE AND THE CONSPIRATOR with OTHER
CIDOC) EMPLOYEES who ILLEGALLY withheld AND
SUPPRESSED THE PLAINTIFFS LEGAL MATERIALS IN DIRECT
VIOLATION OF THE U.S. CONSTITUTIONS FIRST AMENDMENT.

DEFENDANT  BRETT Phillips IS BEING SUED IN HIS
PERSONAL AND OFFICIALS CAPACITIES.

7.    DEFENDANT; BRET R. KIMMEL WAS, AT
AII TIMES RELEVANT HERE TO, EMPLOYED BY THE IDAHO
DEPARTMENT OF CORRECTIONS (IDOC) AS A SERGEANT
AND LATER AS A LIEUTENANT AT THE IDAHO MAXIMUM
SECURITY INSTITUTION (IMSI) within which
THE PLAINTIFF WAS HOUSED; AND, Who, WAS AT THOSE
TIMES COMPLAINED OF HEREIN FUNCTIONING IN THOSE

AMENDED
  Civil RIGHTS COMPLAINT —10—

SAME CAPACITYS. THiS DEFENDANT POSSESSES
DiRECT KNowledGE OF AND INVOlVEMENT IN THESE
EVENTS. DEFENDANT KiMMEl WAS PERSONAlly
INVOlVED IN THE CONDUCT COMPlAINED OF HEREIN, AND,
THE PlAINTIFF iS OF THE REASONABlE BElIEF THAT
KIMMEL WAS CHARGED ThroughOUT THE TiME OF
THESE SAME EVENTS WiTH THE RESPONSiBility TO SEE
THAT All THE INMATES WiTHIN THAT SECTION OF
(IMSI) WHERE THE PlAINTIFF WAS housED,
DURING THOSE TIMES RElEVANT, WERE PROVIDED DUE
PROCESS AND ACCESS To THEIR LEGAl FiLES, EXHiBiTS,
CASE EVIDENCE AND LEGAl WORK PRODUCT AS AN INTREGAl
PART OF HiS EMPloyMENT.

     DEFENDANT KiMMEL iS BEING SUED IN HiS
PERSONAl AND OFFICial CAPACiTIES.

     8.  DEFENDANT; ARVEL DEWAYNE ShEDD WAS,
AT All TIMES RELEVANT HERE TO EMPloyEED BY THE

AMENDED
CiViL RIGHTS COMPlAINT —11—

IDAHO DEPARTMENT OF CORRECTIONS (IDOC) AS THE PARALEGAL OF THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) AND, WHO WAS AT THOSE TIMES COMPLAINED OF HEREIN FUNCTIONING IN THAT SAME CAPACITY. THIS DEFENDANT POSSESSES DIRECT KNOWLEDGE OF AND INVOLVEMENT IN THESE EVENTS COMPLAINED OF IN THIS FILING. PLAINTIFF HAYES IS OF THE REASONABLE BELIEF THAT DEFENDANT SHEDD WAS CHARGED THROUGHOUT THE TIMES OF THESE SAME EVENTS WITH THE RESPONSIBILITY AND ACCOUNTABILITY TO SEE TO IT THAT ALL (IMSI) INMATES RECEIVE ACCESS TO LAW BOOKS, NOTARY SERVICE, PHOTOCOPING SERVICE, OUTGOING LEGAL MAIL SERVICE WITHIN 24 HOURS, ACCESS TO TELEPHONES FOR ATTORNEY PHONECALLS, AND ACCESS TO INMATES LEGAL FILES, EXHIBITS, CASE EVIDENCE, AND LEGAL WORK PRODUCT

AMENDED
CIVIL RIGHTS COMPLAINT —12—

THAT IS STORED IN THE (IMSI) RESOURCE CENTER which WAS AlSO PARALEGAL SHEDD'S OFFICE.

DEFENDANT; ARVEL DeWAYNE SHEDD IS AlSO BEING SUED IN BOTH HIS PERSONAL AND OFFICIAL CAPACITIES.

9.   DEFENDANT; DERREK GOVERNOR WAS, AT AlL TIMES RElEVANT HERETO, EMPLOYED BY THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) AT THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI). THIS DEFENDANT WAS THE UNITE SERGEANT OF J POD. THE SAME AREA OF THE (IMSI) INSTITUTION WHERE THE PlAINTIFF WAS ONCE AGAIN illegAlly AND UNCONSTI-TUTIONAlly DEPRIVED OF HIS legAl FilES, ExhiBiTS, CASE EVIDENCE AND LEGAl WORK PRODUCT. ON REASONABlE BElIEF AND RElIABlE INFORMATION SGT. GOVERNOR WAS ONE OF THOSE DEFENDANTS DIRECTlY ACCOUNTABlE

AMENDED
CIVIl RIGHTS COMPlAINT -13-

FOR THE illEGAl CONFISCATION OF PlAINTIFF'S LEGAl FILES, ExhiBiTS, CASE EVIDENCE AND LEGAl WORK PRODUCT. This DEFENDANT POSSESSES DiRECT KNOWlEDGE OF AND iNvolvEMENT IN THESE EVENTS AND illEGAl ACTS AGAINST PlAiNTiFF MichAEl T. HAYES.

DEFENDANT; DERREK GOVERNOR is AlSO BEING SUED IN BoTh his PERSONAL AND OFFiCiAL CAPACiTIES.

10. DEFENDANT; FElix DiAZ WAS, AT All TIMES RElEVANT HERETO,, EMPloyED BY ThE IDAHO DEPARTMENT OF CORRECTiONS (IDOC) AT ThE IDAHO MAXiMUM SECURITY INSTITUTiON (IMSI). This DEFENDANT WAS A SERGEANT AND A DiSCiPliNARY HEARING OFFICER who PoSSESSES DiRECT KNOWlEDGE OF AND iNvolvEMENT IN THESE EVENTS COMPlAINED OF

AMENDED
CiViL RIGHTS COMPLAINT—14—

HEREIN AND WAS FUNCTIONING IN THOSE SAME CAPACITYS. THE PLAINTIFF IS OF THE REASONABLE BELIEF THAT DIAZ WAS CHARGED THROUGHOUT THE TIME OF THESE SAME EVENTS WITH THE RESPONSIBILITY TO SEE THAT ALL THE INMATES WITHIN THAT SECTION OF CIMSI) PRISON WHERE THE PLAINTIFF WAS HOUSED, DURING THOSE TIMES RELEVANT, WERE PROVIDED DUE PROCESS AND ACCESS TO LEGAL FILES, EXHIBITS, CASE EVIDENCE AND LEGAL WORK PRODUCT AS AN INTREGAL PART OF HIS EMPLOYMENT AND ALSO FAIR DISCIPLINARY HEARINGS.

DEFENDANT; FELIX DIAZ IS BEING SUED IN BOTH HIS PERSONAL AND OFFICIAL CAPACITIES.

II.   DEFENDANT; TRAVIS COWAN WAS, AT ALL TIMES RELEVANT HERETO, EMPLOYED BY THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) AS A CORRECTIONS OFFICER (CIO) AT THE IDAHO MAXIMUM SECURITY INSTITUTION

AMENDED
CIVIL RIGHTS COMPLAINT —15—

(IMSI). This DEFENDANT POSSESSES DIRECT KNOWLEDGE OF AND INVOLVEMENT IN THESE EVENTS COMPLAINED OF HEREIN. DEFENDANT COWAN WAS PERSONALLY INVOLVED IN THE CONDUCT COMPLAINED OF AND WAS ALSO PERSONALLY RESPONSIBLE FOR ILLEGALLY WITHHOLDING PLAINTIFF HAYES'S LEGAL FILES, EXHIBITS, CASE EVIDENCE AND LEGAL WORK PRODUCT FROM HIM ON JULY 4, 2015 AND THAT WAS ALSO IN VIOLATION OF (IDOC) POLICY AND PROCEDURE S.O.P. 318.02.01.001 DISCIPLINARY PROCEDURES : OFFENDER AND ALSO IN DIRECT VIOLATION OF THE U.S. CONSTITUTION FIRST AMENDMENT.

DEFENDANT; TRAVIS COWAN IS BEING SUED IN BOTH HIS PERSONAL AND OFFICIAL CAPACITIES.

12.    DEFENDANT; MARC ANTHONY AIELLO WAS, AT ALL TIMES RELEVANT HERETO, EMPLOYED BY THE AMENDED

CIVIL RIGHTS COMPLAINT — 16 —

IDAHO DEPARTMENT OF CORRECTIONS (IDOC) AT THE
IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) AS
A SERGEANT, WHERE THE PLAINTIFF WAS HOUSED; AND,
WHO, WAS AT THOSE TIMES COMPLAINED OF HEREIN
FUNCTIONING IN THAT SAME CAPACITY. THIS DEFENDANT
POSSESSES DIRECT KNOWLEDGE OF AND INVOLVEMENT IN
THESE EVENTS THAT ILLEGALLY DEPRIVED PLAINTIFF HAYES
OF HIS UNITED STATES CONSTITUTIONAL RIGHTS UNDER
THE FIRST AND FOURTEENTH AMENDMENTS.

DEFENDANT; MARC ANTHONY AIELLO IS BEING
SUED IN BOTH HIS PERSONAL AND OFFICIAL CAPACITIES.

13.   DEFENDANT; DAVID RANCK WAS, AT ALL
TIMES RELEVANT HERETO, EMPLOYED BY THE IDAHO
DEPARTMENT OF CORRECTIONS (IDOC) AS A CORRECTIONS
OFFICER (C/O) AT THE IDAHO MAXIMUM SECURITY
INSTITUTION (IMSI). THIS DEFENDANT POSSESSES

AMENDED
   CIVIL RIGHTS COMPLAINT —17—

DIRECT KNOWLEDGE OF AND INVOLVEMENT IN THESE
EVENTS THAT CAUSED VIOLATIONS OF PLAINTIFF MICHAEL
T. HAYES'S UNITED STATES CONSTITUTIONAL RIGHTS
UNDER THE FIRST AND FOURTEENTH AMENDMENTS.
THIS PARTICULAR DEFENDANT WROTE A FALSE
DISCIPLINARY OFFENSE REPORT NO. # 154021 ON
6/24/2015. THIS PARTICULAR DISCIPLINARY OFFENSE
REPORT (D.O.R) WAS A CLASS, A (D.O.R.) THAT
CAUSED PLAINTIFF HAYES TO BE PUT IN TO THE
S.M.U. SEGREGATION DETENTION UNITE FOR 20
DAYS. PLAINTIFF HAYES WAS IN FACT ILLEGALLY
SEPARATED FROM ALL OF HIS LEGAL FILES, EXHIBITS,
CASE EVIDENCE AND LEGAL WORK PRODUCT DURING
THE TIME IDOC VICTIM MICHAEL T. HAYES WAS IN
THE SEGREGATION DETENTION CELL. THIS ILLEGAL
ACT BY DEFENDANT DAVID RANCK CAUSED A SERIES

AMENDED
    CIVIL RIGHTS COMPLAINT — 18 —

OF ACTS BY OTHER (IDOC), (IMSI) PRISON GUARD CO-CONSPIRATORS, WHO FUTHER VIOLATED MICHAEL T. HAYES'S CONSTITUTIONAL RIGHTS TO ACCESS THE COURTS UNDER THE U.S. CONSTITUTIONS FIRST AMENDMENT. THE (IDOC) REVERSED THE (D.O.R.) CONVICTION OF (D.O.R.) NUMBER # 154021 THAT CAUSED THE UNCONSTITUTIONAL SEGREGATION DETENTION OF 20 DAYS THAT LED TO THE ILLEGAL CONFINSCATION OF ALL IDOC VICTIM MICHAEL T. HAYES'S LEGAL FILES, EXHIBITS, CASE EVIDENCE AND LEGAL WORK PRODUCT THAT CAUSED SUCH A LONG UNNECESSARY DELAY OF VICTIM HAYES'S NINTH CIRCUIT CASE DOCKET NO. 15-35495 THAT THE NINTH CIRCUIT COURT OF APPEALS DISMISSED THE CASE DOCKET NO. 15-35495 AND CAUSED ACTUAL INJURY UNDER THE UNITED STATES SUPREME COURTS CASE LAW IN AMENDED

CIVIL RIGHTS COMPLAINT —19—

LEWIS - VS - CASEY 518, U.S. 343, 116 S.CT. 2174 (1996). AS (IDOC) VICTIM MICHAEL T. HAYES HAD PRE PAID THE $505.00 DOLLARY FILLING FEE FOR THE NINTH CIRCUIT COURT OF APPEALS DOCKET NO. 15-35495 VICTIM HAYES ALSO SUFFERED MONETARY DAMAGES OF $505.00 DOLLARS LOSS OF THE 9th CIRCUIT COURT OF APPEALS FILING FEE FOR A APPEAL.

DEFENDANT; DAVID RANCK IS ALSO BEING SUED IN BOTH HIS PERSONAL AND OFFICIAL CAPACITIES.

14.   DEFENDANT; KLINTON R. HUSK WAS, AT ALL TIMES RELEVANT HERETO, EMPLOYED BY THE IDAHO DEPARTMENT OF CORRECTIONS (IDOC) AT THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) AS A SERGEANT AND A DISCIPLINARY HEARING OFFICER (D.H.O) AND LATER HE WAS ADVANCED TO A LIEUTENANT THIS DEFENDANT POSSESSES DIRECT KNOWLEDGE OF

AMENDED

CIVIL RIGHTS COMPLAINT —20—

AND INVOLVEMENT IN THE EVENTS COMPLAINED OF HEREIN
THIS CIVIL RIGHTS COMPLAINT. DEFENDANT HUSK WAS
PERSONALLY INVOLVED IN THE CONDUCT COMPLAINED OF
HERE IN AS A (D.H.O.) WHO DEPRIVED IDOC VICTIM
MICHAEL T. HAYES OF HIS 14th AMENDMENT DUE PROCESS
RIGHTS IN PRISON DISCIPLINARY PROCEEDINGS AND ALSO
CONSPIRED WITH OTHER PRISON OFFICIALS TO ILLEGALLY
WITHHOLD ALL OF VICTIM HAYES'S LEGAL FILES, EXHIBITS,
CASE EVIDENCE AND LEGAL WORK PRODUCT FROM HIM IN
ORDER TO TRY AND FORCE HIM INTO STOPPING ALL OF HIS
LEGAL WORK IN ALL OF VICTIM HAYES'S ON GOING LEGAL
ACTIVE CASES IN THE COURTS.

DEFENDANT; KLINTON R. HUSK IS ALSO BEING
SUED IN BOTH HIS PERSONAL AND OFFICIAL CAPACITYS.

15. DEFENDANT; THE IDAHO DEPARTMENT OF
CORRECTIONS (IDOC) HAS WRITTEN POLICYS AND
AMENDED

CIVIL RIGHTS COMPLAINT — 21 —

PROCEEDURES which violate the IDAHO STATE
AND UNITED STATES CONSTITUTIONS GUARANTEE OF
ACCESS TO THE COURTS. THE ENTITY IDAHO DEPARTMENT
OF CORRECTIONS (IDOC) POLICY AND PROCEDURES S.O.P.
405.02.01.001 ACCESS TO COURTS RULE OF ONE (1)
CUBIC FEET OF LEGAL PAPERS PER INMATE IS IN DIRECT
VIOLATION OF THE UNITED STATES CONSTITUTIONS
GUARANTEE OF ACCESS TO THE COURTS UNDER THE
FIRST AMENDMENT. THE (IDOC) AND THEIR PARALEGAL
ARVEL DEWAYNE SHEDD USE THE ONE CUBIC FOOT OF
LEGAL PAPERS RULE TO CREATE OBSTACLES AND ERECT
BARRIERS TO HINDER, IMPEDE, AND DELAY PRISONERS
CONSTITUTIONAL RIGHTS TO ACCESS THE COURTS. ALL
OF WHICH IS CONTRARY TO THE LAWS OF THE STATE
OF IDAHO AND THE LAWS OF THE FEDERAL GOVERNMENT.
     THE DEFENDANT; IDAHO DEPARTMENT OF

AMENDED
     CIVIL RIGHTS COMPLAINT —22—

CORRECTIONS IS BEING SUED IN IT'S OFFICIAL CAPACITIES.

## IV.
## STATEMENT OF CLAIM

AT ALL RELEVANT TIMES HEREIN, DEFENDANTS WERE "PERSONS" FOR PURPOSES OF 42 U.S.C.A. § 1983 AND ACTED UNDER COLOR OF LAW TO DEPRIVE THE PLAINTIFF OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS AS SET FORTH BELOW.

## V.
## STATEMENT OF MATERIAL FACTS

(1). FACTUAL BACKGROUND; PLAINTIFF MICHAEL T. HAYES WAS TRANSFERRED FROM THE IDAHO CORRECTIONAL CENTER (ICC) TO THE IDAHO MAXIMUM SECURITY INSTITUTION (IMSI) ON AUGUST 25, 2011. WHERE THE PLAINTIFF MICHAEL T. HAYES WAS HELD UNTILL DECEMBER 10, 2015 AND THEN TRANSFERRED BACK OVER TO THE IDAHO STATE CORRECTIONAL CENTER (ISCC)

AMENDED.

CIVIL RIGHTS COMPLAINT —23—

WHERE THE PLAINTIFF MICHAEL T. HAYES IS BEING
HOUSED AT TODAY 1/8/2018.

(2).   DURING THE 4 YEARS, 3 MONTHS 16 DAYS
THAT PLAINTIFF MICHAEL T. HAYES WAS HOUSED AT THE
(IMSI) PRISON VICTIM HAYES WAS IN FACT DENIED
HIS CONSTITUTIONAL RIGHTS TO ACCESS THE COURTS
AND ALSO DENIED HIS 14th AMENDMENT RIGHTS TO
BOTH PROCEDURAL DUE PROCESS AND ALSO SUBSTANTIVE
DUE PROCESS BY THE (IMSI) PRISON OFFICIALS.

(3).   THE (IMSI) PRISON OFFICIALS WHO ARE
LISTED AS THE 13 DEFENDANTS IN THIS CASE HAVE
IN FACT CONSPIRED TOGETHER TO DELIBERATELY AND
INTENTIONALLY ERECT BARRIERS TO HINDER, IMPEDE AND
DELAY ALL OF VICTIM MICHAEL T. HAYES FIRST AMENDMENT
U.S. CONSTITUTIONAL RIGHTS TO ACCESS THE COURTS.
THESE DEFENDANTS CREATED OBSTACLES TO TRY AND

AMENDED
CIVIL RIGHTS COMPLAINT —24—