UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL T. HAYES,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF ZMUDA; ALBERTO RAMIREZ; BRETT PHILLIPS; and ARVEL DEWAYNE SHEDD,<br><br>        Defendants. | Case No. 1:17-cv-00275-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this civil rights matter are several motions filed by the parties, including (1) Defendants' Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment (Dkt. 45), (2) Plaintiff's Motion for Summary Judgment (Dkt. 55), and (3) Plaintiff's Motion to Review Amended Civil Rights Complaint of 3/29/2019 (Dkt. 56)—which the Court construes as including a motion for leave to amend—as well as Plaintiff's proposed third amended complaint (Dkt. 57).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order denying Plaintiff's motion to amend, granting Defendants' Rule 12(b)(6) motion to dismiss, denying as moot Defendants' alternative motion for summary judgment, and

**MEMORANDUM DECISION AND ORDER - 1**

denying as moot Plaintiff's motion for summary judgment. Accordingly, this case will be dismissed with prejudice.

1.   **Plaintiff May Not Further Amend the Second Amended Complaint**

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff previously was allowed to proceed on claims that, as set forth in his First Amended Complaint (Dkt. 22), Defendants Zmuda, Ramirez, Phillips, and Shedd violated Plaintiff's right to access the courts. According to Plaintiff, these Defendants deprived Plaintiff of legal materials necessary for Plaintiff to pursue his Shoshone County successive post-conviction action, resulting in the dismissal of that action in state court. (Dkt. 31 at 7-8.) Because the Shoshone County case was the basis of the First Amended Complaint's only plausible access-to-courts claim against each of these four Defendants, the Court instructed Plaintiff to file a Second Amended Complaint limited to those four claims and Defendants. (*Id*. at 2.) Plaintiff filed a Second Amended Complaint, but—contrary to the Court's instruction—it included additional claims. (*See, e.g.,* Dkt. 33 at 14-15, 25-26, citing federal and state criminal statutes and asserting claims of false imprisonment and deprivation of liberty interests.) The Court need not address these additional claims, because their inclusion in the Second Amended Complaint violated the Court's previous order.

As for the claims upon which Plaintiff was allowed to proceed—the four access-to-courts claims with respect to the Shoshone County case—the Second Amended Complaint alleges that Defendants' actions between July 4, 2015 and May 27, 2016 violated his right of access and caused the dismissal of that case. (*Id*. at 14-25.)

**MEMORANDUM DECISION AND ORDER - 2**

Defendants have now filed their motion to dismiss. Defendants argue that the Second Amended Complaint fails to state an access-to-courts claim under Rule 12(b)(6) because the Second Amended Complaint—considered along with judicially-noticeable state court documents—does not plausibly allege that (1) Plaintiff suffered an actual injury to his right of access or (2) Defendants' actions caused any such injury. (Dkt. 45 at 9-14.)

Defendants' motion to dismiss relies, as expected, on Plaintiff's Second Amended Complaint and the allegations therein—that Defendants' actions from July 2015 to May 2016 caused the dismissal of his Shoshone County post-conviction case. Defendants point out in their opening brief that, according to Plaintiff's own allegations in the Second Amended Complaint, he had access to his Shoshone County post-conviction case file for more than a year after the Shoshone County Court (1) notified Plaintiff that the petition was subject to dismissal and (2) ordered him to respond to that notice. Nonetheless, Plaintiff did not file anything in that post-conviction action for twenty-two months after he received the notice, when he filed a motion for appointment of counsel. Defendants argue that Plaintiff's failure to timely respond to the notice of intent to dismiss, despite having access to his legal materials until July 2015, caused the dismissal of the post-conviction action; they also argue that Plaintiff's filings in the post-conviction action show that he "ably argued the merits" of that case and, therefore, has not shown actual injury. (Dkt. 45-1 at 14.)

**MEMORANDUM DECISION AND ORDER - 3**

Plaintiff responded to Defendants' motion to dismiss, asserting for the first time that "all [his] Shoshone County Post-Conviction Relief case files" were confiscated by prison officials on *April 10, 2014*—instead of on July 4, 2015, as alleged in Plaintiff's Second Amended Complaint; thus, according to Plaintiff, he was unable to file a timely response to the Shoshone County Court's notice of intent to dismiss because the seizure of his legal materials occurred during the 20-day response period. (Dkt. 52 at 20; *see also id.* at 4–6.) In their reply in support of the motion to dismiss, Defendants correctly note that the Second Amended Complaint does not include the April 2014 allegation. Defendants argue that "Plaintiff cannot defeat Defendants' Motion [to Dismiss] simply by changing his factual allegations to suit his purposes." (Dkt. 54 at 3.)

It was only *after* Defendants filed their reply that Plaintiff submitted his proposed third amended complaint. In this proposed pleading, Plaintiff alleges that his case file for his successive post-conviction petition was confiscated on April 10, 2014, shortly after he filed the petition in Shoshone County Court. The proposed third amended complaint also attempts to name an additional Defendant and includes allegations of events going as far back as 2007. (Dkt. 57 at 14; *see also* Dkt. 56 at 1.)

### A. *Standards of Law Regarding Leave to Amend*

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. The courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the rule's "policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 4**

Several factors guide the Court's consideration of whether to grant leave to amend, including whether amendment would be futile, whether allowing amendment would cause undue delay and undue prejudice to the party opposing amendment, and whether the request to amend is based on bad faith or a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to allow amendment is within the Court's discretion, and that discretion is especially broad where, as here, the plaintiff has already amended the complaint. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

### B.     The Court Will Deny Leave to Amend

The Court concludes that leave to amend should be denied. First, amendment would be futile. For the same reasons explained below with respect to the Second Amended Complaint, those access-to-courts claims that are *reasserted* in the proposed third amended complaint are subject to dismissal because Plaintiff does not plausibly allege that he suffered an actual injury to his right of access as a result of Defendants' actions.

Amendment is also futile because the proposed third amended complaint does not sufficiently set forth the underlying post-conviction claims that Plaintiff was allegedly frustrated from pursuing. A prisoner asserting an access-to-courts claim must allege more than that prison officials' actions caused the loss of a claim. The prisoner also must set forth the elements of that lost claim with the level of detail that would be necessary "just as if it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 417 (2002).

**MEMORANDUM DECISION AND ORDER - 5**

Plaintiff's proposed amendment fails to do so. Specifically, the amendment does not set forth any "sufficient reason" why Plaintiff's successive state post-conviction petition was permissibly filed under Idaho law, which prohibits successive petitions unless the petitioner establishes such a reason. Idaho Code § 19-4908. Also, though the proposed amendment identifies Plaintiff's lost post-conviction claims (Dkt. 57 at 14–15), it does not contain any factual support for those claims, let alone allegations with the level of detail required by *Christopher v. Harbury*.[1]

The Court also notes that the proposed newly-modified claim—based on the April 2014 allegation and substituting that date in place of the July 4, 2015 allegation—is subject to dismissal for the additional reason that it is untimely. *See* Idaho Code § 5-219 (two-year statute of limitations for personal injury actions); *see also Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that state statute of limitation for personal injury actions governs § 1983 actions), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). This is yet another reason why amendment to modify that claim, to allege an April 2014 seizure, would be futile.

But futility is not the only reason the Court declines to permit further amendment in this case. Plaintiff has already amended the complaint. And Defendants—who, reasonably and understandably, have constructed their defense based on the allegations in the Second Amended Complaint—would suffer undue prejudice if Plaintiff were

---

[1] Plaintiff was aware of the *Christopher* requirements at the time he drafted his proposed amendment. (*See, e.g.*, Dkt. 16 at 13–14; Dkt. 31 at 4–5.)

**MEMORANDUM DECISION AND ORDER - 6**

permitted to proceed on yet another proposed amendment. The Court will not force Defendants to form a new defense strategy by permitting amendment at this late date.

Finally, Plaintiff's delay in filing the proposed third amended complaint is inexplicable, and the Court suspects that Plaintiff's motivation in requesting amendment is less than laudable. Indeed, the situation here is reminiscent of one of Plaintiff's previous cases, in which the Court denied leave to amend in similar circumstances.

In *Hayes v. Radford*, this Court denied leave to amend where Plaintiff waited to request amendment until approximately seven months after he learned the identity of a new potential defendant, and after Plaintiff "was faced with a motion to dismiss and motion for summary judgment." *Hayes v. Radford*, No. 1:09-cv-00555-BLW, 2012 WL 4481213, at *9 (D. Idaho Sept. 28, 2012), *aff'd*, 584 F. App'x 633 (9th Cir. Aug. 21, 2014). The Court did not allow amendment because the unexplained delay and the timing of the motion to amend showed bad faith and undue delay on Plaintiff's part.

In this case, the delay between the incident complained of (April 10, 2014) and Plaintiff's request for amendment (March 29, 2019, *see* Dkt. 57 at 30) spanned *nearly five years*. As in *Hayes v. Radford*, Plaintiff did not request leave to amend until after Defendants filed their motion to dismiss. Based on this "unexplained delay," the Court finds that Plaintiff's current request for amendment "is merely a desperate tactic aimed at holding off a dismissal rather than a genuine desire to amend based on newly discovered evidence." *Id*. That is, Plaintiff request to amend in this case was made in bad faith, and

**MEMORANDUM DECISION AND ORDER - 7**

the delay caused by further amendment would thus be undue. *See Foman*, 371 U.S. at 182.

The Court will deny Plaintiff's request for leave to amend, and the Second Amended Complaint (Dkt. 33) will remain the operative complaint in this action. The Court now turns to Defendants' motion to dismiss that complaint.

2. **The Second Amended Complaint Fails to State a Claim upon Which Relief May Be Granted**

    A. *Standards of Law Regarding Rule 12(b)(6) Motions*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal is also appropriate where the plaintiff has included allegations disclosing an absolute defense or bar to recovery. *See Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 at n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other ... evidence on summary judgment establishes the identical facts.").

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally should not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). The Court "may, however, consider

certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

A court may take judicial notice of a fact that is "not subject to reasonable dispute" in that the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicially-noticeable documents include the "records of state agencies and other undisputed matters of public record." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Judicial opinions and other court records are properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001), *abrogated on other grounds as stated in Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Specifically, the Court may judicially notice the existence of another court's decision—which includes the stated reasoning of the authoring court as well as the date of the decision—and other filings made in the case, but not the facts recited in that decision or other filings. *Id.*

### B.     *Standards of Law Regarding Access-to-Courts Claims*

Prisoners have a right to access the courts under the First and Fourteenth Amendments. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right guarantees that prisoners have the opportunity to pursue "lawsuits challenging their sentences or the conditions of their confinement to conclusion without active interference by prison

**MEMORANDUM DECISION AND ORDER - 9**

officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). However, because the right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Instead, to state a viable access-to-courts claim, a plaintiff must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Id.* at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim"; for example, if the prisoner's complaint or petition was dismissed "for failure to satisfy some technical requirement," or if the prisoner "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351.

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id*. at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their [conditions-of-confinement and criminal-conviction] grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360 (emphasis added); *see also id.* at 355 ("The tools [the Constitution] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge

the conditions of their confinement."). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis omitted). Further, as with all § 1983 claims, a plaintiff cannot state an access to courts claim by alleging that a negligent act by a government official caused the actual injury of which the plaintiff complains. *Krug v. Lewis*, 852 F.2d 571 (Table), 1988 WL 74699, *1 (9th Cir. July 6, 1988) ("While prisoners have a due process right of access to the courts, the negligent act of a public official does not violate that right.") (unpublished) (citing *Daniels v. Williams*, 474 U.S. 327, 333 (1986)).

Claims of denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (a forward-looking access claim) or from the loss of a suit that now cannot be tried (a backward-looking claim). *Christopher*, 536 U.S. at 413-15 (2002). A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that caused the frustration of the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that the remedy sought in the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415-17.

**MEMORANDUM DECISION AND ORDER - 11**

For the reasons that follow, the Second Amended Complaint does not plausibly allege that Defendants' actions caused the loss of any nonfrivolous or arguable post-conviction claim in Plaintiff's Shoshone County case.

### C. *The Second Amended Complaint, When Considered with Judicially-Noticeable Documents from the Shoshone County Court, Does Not Plausibly Allege that Defendants Caused an Actual Injury to Plaintiff's Right to Access the Courts*

The Second Amended Complaint asserts that on July 4, 2015, Defendants confiscated Plaintiff's legal materials for the Shoshone County post-conviction case. (Dkt. 57 at 13-15.) The Second Amended Complaint also claims that, on May 27, 2016, Defendants mailed twelve boxes of Plaintiff's legal files—some of which contained material relevant to Plaintiff's Shoshone County case—outside the prison, to Plaintiff's designee. (*Id*. at 17.) Plaintiff claims that these actions hindered Plaintiff from pursuing that post-conviction action and "delayed the case for so long" that it ultimately was dismissed on January 31, 2018. (*Id*. at 18.) The Shoshone County post-conviction petition was Plaintiff's third such petition. (Dkt. 45-5 at ECF p.2.)

The Court takes judicial notice of certain relevant records from that successive state post-conviction proceeding. Plaintiff filed that third petition, in *Hayes v. Idaho*, Shoshone County Case No. CV-2006-711, on March 14, 2014. (*See* Dkt. 45-10 at ECF p.2.) These records are attached as Exhibits B through G to the Declaration of Counsel in Support of Defendant's Rule 12(b)(6) Motion.[2] (*See* Dkt. 45-5 to 45-10.)

---

[2] The Court declines to take judicial notice of Exhibit A to the Declaration of Counsel. (*See* Dkt. 45-4.) Exhibit A is purportedly a copy of a portion of the docket sheet, in the Shoshone County post-conviction case, taken from the Idaho courts' online iCourt database. *See* https://icourt.idaho.gov/.

**MEMORANDUM DECISION AND ORDER - 12**

On April 17, 2014, Judge Fred M. Gibler issued a Notice of Intent to Dismiss the petition based on Idaho's successive petitions bar. (Ex. B, Dkt. 45-5.) Idaho's Uniform Post-Conviction Procedure Act requires that all claims for post-conviction relief be asserted in the initial petition.[3] An exception exists, and a petitioner may file a successive petition, if the petitioner establishes a "sufficient reason" why a particular claim was not asserted, or was inadequately asserted, in the initial petition. Idaho Code § 19-4908. Judge Gibler notified Plaintiff in the Shoshone County case that the successive post-conviction petition appeared to be barred by § 19-4908 and gave Plaintiff 20 days to respond. (Ex. B, Dkt. 45-5 at ECF p.10-11.)

Plaintiff did not respond within 20 days. Instead, he requested a continuance, which the Shoshone County Court denied on May 7, 2014. (Ex. C, Dkt. 45-6 at ECF p.2.) Plaintiff did not thereafter respond to the notice of intent to dismiss.

Twenty-two months after the notice was issued, Plaintiff filed at least two motions for appointment of counsel. (Ex. D & E, Dkt. 45-7 & 45-8 (filed Feb. 5 and 29, 2016).) The parties agree that nothing else was filed in the post-conviction case during that time period. (*See* Memo. in Support, Dkt. 45-1 at 12 ("Despite still having undisputed access to his case materials until July 4, 2015, Plaintiff did not file anything further in the post-

---

[3] Section 19-4908 of the Idaho Code provides as follows:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

**MEMORANDUM DECISION AND ORDER - 13**

conviction proceeding until February, 2016 …."); Sec. Am. Compl., Dkt. 33 at 13 (stating that the post-conviction case had "sat idle"); First Am. Compl., Dkt. 22 at 63-64 (stating that the post-conviction case had just been "sitting there and nothing ha[d] happened").)

Despite the allegation, in the Second Amended Complaint, that Defendants had seized his legal materials for the Shoshone County case in July 2015, Plaintiff's motions for counsel in that case did not mention the alleged seizure. (Ex. D & E, Dkt. 45-7 & 45-8.) At some point, the Shoshone County case was reassigned from Judge Gibler to Judge Scott L. Wayman.

On January 24, 2018, Plaintiff filed yet another motion for appointment of counsel in the post-conviction case. (Ex. F, Dkt. 45-9.) One week later, Judge Wayman denied Plaintiff's motions for appointment of counsel and dismissed the case because the successive petition did not "allege[] facts, supported by admissible evidence, sufficient to defeat summary dismissal." (Ex. G, Dkt. 45-10 at ECF p.3.) Judge Wayman also noted that Plaintiff had not responded to Judge Gibler's notice of intent to dismiss. (*Id*. at 1.)

As this recitation establishes, Plaintiff's Shoshone County post-conviction action was not dismissed because Plaintiff failed "to satisfy some technical requirement." *Lewis*, 518 U.S. at 351. Rather, it was dismissed because it was a successive petition barred by Idaho Code § 19-4908, as set forth in Judge Gibler's April 17, 2014 notice of intent to dismiss. (Ex. B, Dkt. 45-5; Ex. G, Dkt. 45-10.)

**MEMORANDUM DECISION AND ORDER - 14**

Additionally, the time for Petitioner to respond to Judge Gibler's notice of intent to dismiss had expired on *May 7, 2014*—over a year before Defendants' July 2015 actions, and two years before Defendants' May 2016 actions. Therefore, Defendants' actions could not have caused Plaintiff to miss the 20-day filing deadline.

The documents subject to judicial notice and the Second Amended Complaint show unequivocally that Plaintiff's Shoshone County post-conviction case was dismissed because it was procedurally barred under Idaho Code § 19-4908—*not* as a result Defendants' actions in seizing Plaintiff's legal materials. Therefore, Plaintiff has not plausibly alleged that Defendants' actions caused any injury to Plaintiff's right of access to the courts, and the Court will dismiss this case with prejudice. *See Iqbal*, 556 U.S. at 678–82; *Lewis*, 518 U.S. at 351.

3. **The Motions for Summary Judgment Are Moot**

Because the Court will dismiss this case under Rule 12(b)(6), Defendants' alternative motion for partial summary judgment and Plaintiff's motion for summary judgment are both moot.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Civil Rights Complaint of 3/29/2019, which the Court construes as including a motion for leave to file a third amended complaint (Dkt. 56), is GRANTED IN PART and DENIED IN PART. It is granted to the extent that the Court has reviewed

the proposed third amended complaint, but the Court denies Plaintiff's request for amendment for the reasons set forth above.

2. Plaintiff's Motion to File Overlength Response to Defendant's Motion to Dismiss (Dkt. 51) is GRANTED.

3. Defendants' Rule 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment (Dkt. 45), is GRANTED IN PART—to the extent that the Court will dismiss this case pursuant to Rule 12(b)(6)—and DENIED AS MOOT IN REMAINING PART.

4. Plaintiff's Motion for Summary Judgment (Dkt. 55) is DENIED AS MOOT.

5. Because the Second Amended Complaint, read in light of the judicially-noticed documents, fails to state a claim upon which relief may be granted, this case is DISMISSED with prejudice.

DATED: July 1, 2019

_____
B. Lynn Winmill
U.S. District Court Judge